# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       )
                                      )

v.                        )       ID# 1509018082
                                        )

DIMAERE BRADY,        )
                                      )

Defendant.            )

## ORDER

**AND NOW TO WIT**, this 25th day of February, 2016, the Court having heard and duly considered Defendant's Motion to Suppress and the State's response thereto, **IT APPEARS THAT:**

1.  On September 24, 2015, Wilmington Police Department Detective Neil Evans ("Detective Evans") and Senior Probation Officer William Walker ("SPO Walker") observed Defendant Dimaere Brady ("Brady") walking on North Adams Street at 10:50 p.m. Both officers were aware that Brady was an active Level III probationer with an 8:00 p.m. to 6:00 a.m. curfew.

2.  Brady was arrested for violating probation and a search incident to arrest revealed that Brady possessed: (1) a large sum of currency; (2) house keys; and (3) car keys to a Hyundai. The officers were aware that Brady had a suspended license, and located the 2006 Hyundai Sonata nearby on the 800 block of North Adams Street. A DELJIS registration search revealed that the vehicle was registered to Tylen Bailey, who the officers knew was Brady's girlfriend.

3. Detective Evans and SPO Walker obtained an administrative search warrant to search the Brady's residence and Tylen Bailey's 2006 Hyundai Sonata. A fully loaded Enforcer 3-caliber rifle was found in a black backpack located on the front passenger seat of the Hyundai.

4. Although probationers are not afforded the same liberties as ordinary citizens, "Delaware case law and administrative law do not permit suspicionless probationer searches . . . ."[1] "A probation officer must have a reasonable suspicion or reasonable grounds to justify an administrative search of a residence or car."[2] "Reasonable suspicion exists where the totality of the circumstances' indicates that the officer had a particularized and objective basis for suspecting legal wrongdoing."[3]

5. The State argues that the officers had reasonable suspicion to believe that Brady possessed contraband and was in violation of a condition of his probation

---

[1] *Murray v. State*, 45 A.3d 670, 678 (Del. 2012), *as corrected* (July 10, 2012); *McAllister v. State*, 807 A.2d 1119, 1124 (Del. 2002); *Jacklin v. State*, 2011 WL 809684, at *2 (Del. 2011). 11 *Del. C.* § 4321(d) grants probation and parole officers statutory authority to effect searches of probationers in accordance with Department of Correction ("DOC") regulations. Pursuant to that authority, the DOC has adopted  regulations governing warrantless searches and arrests of probationers. *Jacklin*, 2011 WL 809684, at *2. The Delaware Supreme Court considers probation officers to have acted reasonably so long as they substantially comply with DOC regulations. *Murray*, 45 A.3d at 678. "Generally, the following factors should be considered when deciding whether to search: [1] The Officer has knowledge or sufficient reason to believe [that] the offender possesses contraband; [2] The Officer has knowledge or sufficient reason to believe [that] the offender is in violation of probation or parole; [3] There is information from a reliable informant indicating [that] the offender possesses contraband or is violating the law; [4] The information from the informant is corroborated; [5] Approval for the search has been obtained from a Supervisor." *Sierra v. State*, 958 A.2d 825, 829 (Del. 2008).
[2] *Murray*, 45 A.3d at 678.
[3] *Jacklin*, 2011 WL 809684, at *2.

based on the following facts: (1) Brady was out past curfew and resisted arrest by refusing to put his arms behind his back; (2) Brady possessed a large sum of United States Currency; (3) Brady possessed car keys to Tylen Bailey's Hyundai, and the officers knew that Brady had a suspended license; (4) the Hyundai was located nearby and Brady attempted to distract the officers' attention away from the Hyundai; and (5) the incident was similar to another encounter Detective Evans and SPO Walker had with Brady three weeks earlier. On September 3, 2015, Detective Evans and SPO Walker initiated a traffic stop with Brady because he was driving with a suspended or revoked license. At that time, Brady was driving a Chrysler 300 registered to Tylen Bailey. During the traffic stop, Brady resisted arrest, possessed $905 in United States Currency, and possessed thirty-nine bags of suspected heroin. During a post-arrest interview, Brady admitted to possessing heroin, being a heroin user, and denied selling heroin, but stated that some users give him money to deliver heroin.

6. The totality of the circumstances demonstrates that the officers did not have reasonable suspicion to justify an administrative search of Brady's residence or the 2006 Hyundai Sonata.[4] The officers did not ask Brady whether he was employed or introduce any evidence that the denominations found on Brady were

---

[4] The State did not raise the issue of standing in its briefing and conceded at the suppression hearing that Defendant has standing to contest the search of Tylen Bailey's 2006 Hyundai Sonata.

consistent with drug dealing. The only connection between Brady and Tylen Bailey's 2006 Hyundai was the fact that Brady had a suspended license, had the car keys in his pocket, and had previously been found in possession of heroin while driving another vehicle registered to Tylen Bailey.

7. While the rights of a probationer to object to a warrantless search of his residence or vehicle is diminished, "[a]t a minimum, the officer must have a reasonable basis to suspect wrongdoing, and evidence thereof will be found at the location to be searched."[5] Under totality of the circumstances, the facts in this case are insufficient to support a reasonable basis to suspect that Brady possessed contraband in his residence or the 2006 Hyundai Sonata. The fact that Brady violated probation with no connection to the residence or vehicle to be searched cannot support reasonable suspicion.

**NOW THEREFORE**, Defendant's Motion to Suppress is **GRANTED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge

---

[5] _State v. Johnson_, 2014 WL 6661154, at *3 (Del. Super. 2014).

4